J-S87003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNIE LEWIS BROWN, | |
| Appellant | No. 1286 MDA 2016 |

Appeal from the PCRA Order May 24, 2016
in the Court of Common Pleas of Adams County
Criminal Division at No.: CP-01-CR-0001178-2010

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 16, 2016**

Appellant, Johnnie Lewis Brown, appeals from the order[1] dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  Counsel for Appellant has filed a **Turner/Finley**[2] "no merit" letter and has petitioned this Court to withdraw from representation.  We grant counsel's petition to withdraw, and affirm the order of the PCRA court.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect the date the order was entered on the docket.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court aptly set forth the relevant facts and procedural history of this case as follows:

On August 9, 2011 a jury convicted [Appellant] of possession with intent to deliver cocaine under 35 P.S. § 780—113(a)(30), possession of drug paraphernalia under 35 P.S. § 780—113(a)(32), and escape under 18 Pa.C.S.A. § 5121(a). Following the verdict the Commonwealth gave oral notice of intent to seek the five[-]year mandatory minimum related to possession with intent to deliver cocaine and a subsequent written notice was filed [on] October 17, 2011.

On October 20, 2011, the [trial court] sentenced [Appellant] to an aggregate of six to twelve years in a state correctional institution. On the possession with intent to deliver count [Appellant] was sentenced to five to ten years pursuant to the mandatory sentencing provisions of 18 Pa.C.S.A. § 7508(a)(3)(ii).

[Appellant] filed a timely appeal to the Pennsylvania Superior Court. The judgment of sentence was affirmed by the Pennsylvania Superior Court on July 31, 2012.

On June 27, 2013[, Appellant] filed his first PCRA petition alleging ineffective assistance of counsel. [The PCRA court] denied [Appellant's] first PCRA petition on February 28, 201[4] by order and opinion entered that date. On December 23, 2014, the Superior Court of Pennsylvania affirmed [the PCRA court's] denial of [Appellant's] first PCRA petition.

On March 1[4], 2016[, Appellant] filed his second PCRA petition wherein [he] asserts that the decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016)[3] set a new rule of

_____

[3] In ***Montgomery***, the United States Supreme Court determined that its prior decision in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), which held it unconstitutional for states to sentence a juvenile homicide defendant to life in prison without the possibility of parole, constituted a new substantive rule of constitutional law that must be applied retroactively to cases on collateral
*(Footnote Continued Next Page)*

substantive constitutional law that must be applied by state collateral review courts. He further appears to argue that the **Montgomery v. Louisiana** decision applies to the holding from **Alleyne v. United States**, 133 S.Ct. 2151 (2013),[4] retroactively to mandatory minimum sentences imposed pursuant to 18 Pa.C.S.A. § 7508(a)(3)(ii).

[On March 18, 2016, the PCRA court entered an order appointing current counsel to represent Appellant.] A pre-hearing conference was held with [Appellant] participating by video on April 25, 2016.

(PCRA Court Rule 907 Notice, 4/29/16, at 1-2) (some capitalization omitted; citation formatting provided).

On April 29, 2016, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing. **See** Pa.R.Crim.P. 907(1). On May 24, 2016, it entered its order dismissing the PCRA petition. Appellant timely appealed.

On July 22, 2016, Appellant filed a concise statement of errors complained of on appeal, **see** Pa.R.A.P. 1925(b), raising the following issue for review: "Did the [PCRA] [c]ourt err[] in determining that [Appellant's] PCRA petition be denied, when [Appellant] was sentenced to a mandatory sentence, when **Alleyne v.** [**United States**,] held that mandatory sentencing laws in Pennsylvania are unconstitutional, and after the [United

*(Footnote Continued)* _____

review. **See Montgomery**, **supra** at 736. **Miller** has no application to the crimes committed by Appellant or the sentence he received for them.

[4] In **Alleyne**, the United States Supreme Court held that, under the Sixth Amendment to the United States Constitution, a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence. **See Alleyne**, **supra** at 2158.

States] Supreme Court's decision in ***Montgomery v. Louisiana***?" (Rule 1925(b) Statement, 6/22/16, at 1).[5] The PCRA court entered an opinion on August 3, 2016. ***See*** Pa.R.A.P. 1925(a).

On September 21, 2016, counsel for Appellant filed with this Court a ***Turner/Finley*** "no merit" letter and petition to withdraw from representation. On September 26, 2016, this Court entered an order advising Appellant of his right to file a *pro se* or counseled response within thirty days. Appellant did not file a response.[6]

> Before we may review the merits of Appellant's claims, we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation.
>
> The ***Turner/Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and

---

[5] Appellant's Rule 1925(b) statement was untimely. Under the circumstances of this case, where counsel has filed a ***Turner/Finley*** letter and petition to withdraw, and the PCRA court prepared a Rule 1925(a) opinion, we will address the merits of Appellant's claim on appeal. ***See Commonwealth v. Thompson***, 39 A.3d 335, 340 (Pa. Super. 2012) ("[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we . . . may address the merits of the issues presented.") (citation omitted).

[6] The Commonwealth filed a letter notifying this Court that it is relying on the PCRA court's Rule 1925(a) opinion and is in agreement with counsel's determination that this appeal lacks merit. (***See*** Commonwealth's Letter, 10/04/16).

extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

In *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006)[,] *abrogated in part by* [*Commonwealth v.*]*Pitts*, [981 A.2d 875 (Pa. 2009)], this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend*, counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of *Friend* as those prerequisites did not apply to the petitioner in Pitts. *See Pitts*, *supra* at 881 (Castille, C.J., concurring).

After the decision in *Pitts*, this Court held in *Commonwealth v. Widgins*, 29 A.3d 816 (Pa. Super. 2011), that the additional procedural requirements of *Friend* were still applicable during collateral review.

*Commonwealth v. Freeland*, 106 A.3d 768, 774–75 (Pa. Super. 2014) (some citations omitted).

Here, we conclude that PCRA counsel has substantially complied with the requirements of *Turner*/*Finley* and their progeny. (*See Turner*/*Finley* "no merit" letter, 9/21/16, at 1-4). Counsel has detailed his review of the record and his conclusion that Appellant's claim is meritless. (*See id.*). Counsel also furnished Appellant with a copy of his "no merit" letter,

advising him of his right to proceed *pro se* or to retain private counsel. (**See**

**id.** at 4). Accordingly, we will grant counsel's petition to withdraw.

We now turn to this appeal to determine whether it is indeed

meritless. As this Court has explained:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonweath v. Brown**, 143 A.3d 418, 420 (Pa. Super. 2016) (citations

omitted).

In the instant case, the PCRA court determined that Appellant's

petition is untimely, with no exception to the PCRA's time-bar pleaded or

proven. (**See** PCRA Court Opinion, 8/03/16, at 1). After review, we agree.

> The PCRA provides eligibility for relief in conjunction with cognizable claims, . . . and requires petitioners to comply with the timeliness restrictions. . . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

***Commonwealth v. Robinson***, 139 A.3d 178, 185–86 (Pa. 2016)

(quotation marks and citations omitted).

Here, Appellant's judgment of sentence became final on October 29, 2012, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until October 29, 2013, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on March 14, 2016, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant claims the benefit of the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), by arguing that his mandatory minimum sentence is unconstitutional pursuant to *Montgomery* and *Alleyne*. (*See* PCRA petition, 3/14/16, at 3, 8). Appellant asserts that the *Montgomery* Court held that mandatory minimum sentencing schemes are unconstitutional, and that this holding mandates retroactive application of *Alleyne* to cases such as his on collateral review. (*See id.*; *see also* Rule 1925(b) Statement, 6/22/16, at 1). We disagree.

"[A] new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016) (citation omitted). Neither Court has held that

*Alleyne* is applied retroactively. Rather, our Supreme Court issued an opinion in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), wherein it held "*Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Washington*, *supra* at 820.

Here, Appellant's argument that the United States Supreme Court, in *Montgomery*, held that *Alleyne* applies retroactively, lacks merit. As previously noted, in *Montgomery*, the Supreme Court held "*Miller* announced a substantive rule that is retroactive in cases on collateral review." *Montgomery*, *supra* at 732. Its decision did not concern *Alleyne*. Thus, Appellant has failed to establish that *Alleyne* set forth a new constitutional law that is applicable retroactively to cases on collateral review. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

Accordingly, we conclude that Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar. *See Robinson*, *supra* at 186. Therefore, we affirm the order of the PCRA court.

Order affirmed. Petition to withdraw granted.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/16/2016</u>

- 9 -